BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | MDL Docket No. 2985 |

**REPLY BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR CENTRALIZED PRETRIAL PROCEEDINGS**

All parties agree that six putative class actions (the "Actions") Plaintiffs brought against Apple Inc. ("Apple") should be centralized for pretrial proceedings in the Northern District of California pursuant to 28 U.S.C. § 1407. In their response, Plaintiffs joined Apple in requesting that the Panel centralize the Actions in the Northern District of California.

Plaintiffs went a step further, however, and requested that the Panel transfer the Actions to the Hon. Richard Seeborg citing his experience as a transferee judge and recent resolution of another MDL: *In Re: Viagra (Sildenafil Citrate) Products Liability Litigation*, 16-MD-2691-RS.[1] Plaintiffs further cite as a reason to assign Judge Seeborg to the Actions the fact that he currently "presides over another case which presents multiple factual and legal issues overlapping with those presented in this case," *Taylor v. Apple, Inc.*, No. 3:20-cv-02906-RS.  While Apple agrees Judge Seeborg would be an appropriate choice (as would any other Judge in the Northern District of California selected by the Panel), Apple disagrees with Plaintiffs' assertion that there is a substantial overlap in the facts and legal issues presented in *Taylor* and the Actions.

---

[1] In *Viagra*, Judge Seeborg granted defendants' Daubert motions to exclude plaintiffs' general causation experts.  *See In re Viagra (Sildenafil Citrate) Prods. Liab. Litig.*, 424 F. Supp. 3d 781 (N.D. Cal. Jan. 13, 2020). The decision is on appeal and the proceeding is stayed pending the appeal.

1

In *Taylor*, the plaintiffs assert that, while playing an online videogame called Brawl Stars, they purchased randomized virtual items or prizes referred to as "loot boxes." *Taylor v. Apple, Inc.*, No. 3-20-cv-03906-RS, Dkt. 1, at ¶¶ 3-4 (N.D. Cal. June 12, 2020). According to the *Taylor* plaintiffs, these loot boxes function in a manner that violates the California Penal Code's prohibition against certain forms of gambling. *Id.* at ¶¶ 7-8. On this basis, the Taylor plaintiffs assert claims for violation of California consumer protection statutes and for unjust enrichment on behalf of a putative nationwide class consisting of individuals "who paid to receive randomized virtual items from a purchase…within an App downloaded from the Apple App Store." *Id.* at ¶ 91. The *Taylor* action is one of several cases pending in different courts in the Northern District of California that allege similar causes of action against various defendants with respect to so-called "loot box" games.[2]

The Actions differ in material ways from *Taylor*. First, the Actions involve different law and causes of action than *Taylor*. The Actions seek recovery of funds under the loss recovery statutes of Alabama, Connecticut, Georgia, New York, Ohio, and Tennessee. *See* All Complaints at ¶ 1. None of the Actions involves the California laws implicated in *Taylor*, and California does not have a loss recovery statute. Second, the Actions involve different apps and challenge different purchases than in *Taylor*. The Actions challenge simulated casino-style apps in which the Plaintiffs allegedly purchased virtual coins and suffered gambling losses, not apps like Brawl Stars where the *Taylor* plaintiffs purchased randomized "loot boxes." Moreover, the apps in the Actions have different terms and conditions than in *Taylor* and potentially give rise to different defenses. Third,

---

[2] *E.g., Ramirez v. Electronic Arts, Inc.*, 5:2020-cv-05672 (N.D. Cal.) (Hon. Beth Freeman, presiding), *Coffee et al. v. Google LLC*, 5:20-cv-03901 (N.D. Cal.) (Hon. Beth Freeman, presiding); *C.W. v. Epic Games, Inc.*, 2020 WL 1650496 (N.D. Cal.) (Hon. Yvonne Gonzalez Rogers, presiding); *Crawford v. Sony Interactive Entertainment, LLC*, 2020 WL 1190708 (N.D. Cal.) (Hon. James Donato, presiding). If experience with loot box cases like *Taylor* is relevant, the Panel could consider any of these judges as equally prepared to oversee this MDL.

the putative classes differ materially. The putative classes in the Actions each are limited to include only residents of the respective plaintiff's state of filing "who downloaded, played, and paid money for additional coins within games from the Apple App Store that featured slots, roulette, blackjack, poker, keno craps, and other kinds of casino-style gambling games, bingo, or simulations thereof, where the player had a chance to win coins or other means to play for additional period of time… ." *Larsen*, ¶ 22; *Custodero*, ¶ 22; *Workman*, ¶ 22; *Viglietti*, ¶ 22; *Payton*, ¶ 23; *McCloskey*, ¶ 23. In contrast, as set forth above, *Taylor* involves a nationwide class of purchasers of randomized virtual items, *e.g.*, loot boxes.

Plaintiffs' suggestion that the Actions and *Taylor* overlap because they challenge apps that are alleged to constitute illegal gambling is overly simplistic and ignores meaningful differences in the functioning of the apps, the legal theories, and the applicable laws. To be sure, Apple, as the party likely to bear a significant burden of any discovery, is fully supportive of Plaintiffs' view that it is important to promote efficiency in discovery. Yet, it is premature for Plaintiffs to suggest the extent to which discovery in *Taylor* and the Actions overlap, in part, because it is not known which if any causes of action in the Actions or *Taylor* will even survive.

For these reasons, the *Taylor* action should not be dispositive of the Judge to whom the Actions are assigned.[3] Nevertheless, Apple has no objection to the Panel's designation of the Hon. Richard Seeborg—or any other Northern District of California judge—to oversee the Actions.

---

[3] In their response, Plaintiffs did not suggest that *Taylor* and the Actions should be formally designated as related actions or that *Taylor* should otherwise be tagged and centralized with the Actions, should the Panel grant Apple's Petition. Apple reserves any and all rights and objections should there be a formal effort to deem *Taylor* related or to tag *Taylor* should this Petition be granted. Apple also expressly reserves, and does not waive, all rights and defenses, including but not limited to those based on jurisdiction, venue, standing, applicable arbitration agreements and/or class action waivers, and failure to state a claim upon which relief may be granted.

Dated: February 1, 2021                               Respectfully submitted,

**DLA PIPER LLP (US)**

Raj N. Shah
444 West Lake Street
Suite 900
Chicago, IL 60606
T:  312.368.8904
F:  312.251.5714
E:  raj.shah@dlapiper.com

Keara M. Gordon
1251 Avenue of the Americas
New York, NY 10020
T:  212.335.4500
F:  212.335.4501
E:  keara.gordon@dlapiper.com

*/s/ John S. Gibson*
John S. Gibson
2000 Avenue of the Stars
400 North Tower
Los Angeles, CA 90067
T:  310.595.3039
F:  310.595.3339
E:  john.gibson@dlapiper.com

Brooke Kim
401 B Street, Suite 1700
San Diego, California 92101
T:  619.699.3439
F:  619.764.6739
E:  brooke.kim@dlapiper.com

*Attorneys for Defendant Apple Inc.*